George A. Arkwright, J.
At a pretrial conference, this case was compromised and settled. The order of compromise is now presented for signature. . .
*647 Patricia Delorey, the infant plaintiff herein, received personal injuries on June 19, 1953, while crossing Ocean Avenue approximately 500 feet south of Avenue Y in the borough of Brooklyn, city of New York, at which time it is claimed she was struck by a motor vehicle proceeding in a southerly direction on Ocean Avenue. The motor vehicle was owned and operated by the defendant, Joseph Amzalone. The infant plaintiff, by Lillian Delorey, her mother, as her guardian ad litem, commenced this action to recover damages as such guardian for the injuries the infant sustained as a result of the accident, and the mother herself brought an action to recover damages for loss of services and for medical expenses incurred.
Immediately after the occurrence, the infant plaintiff was taken by ambulance to the Coney Island Hospital, where she was admitted and where she remained as a patient until July 6, 1953, a period of 17 days. She was treated for a fracture of the right clavicle and other injuries. Her shoulder was placed in a cast. On her discharge, a private doctor attended her and, among other things, removed the cast. The infant never-returned to the hospital or went to the hospital’s clinic. While at home, for approximately two weeks, she was treated by the same physician who had removed the cast.
Out of the amount of the settlement, the attorneys ask for and are awarded one third of the recovery. The doctor who attended her after her discharge presents a bill for $50, as the reasonable charge of his services, which is allowed. There is due the City of New York for the department of hospitals $162.16, which is also allowed. The mother, in her action, is awarded the sum of $150.
In addition to the above, four doctors in the Kings County Hospital submit four separate “ statements ” claiming sums totaling $183.60 for compensation under subdivision c of section 585 of the New York City Charter, which said section reads as follows: “ § 585. Medical staffs and boards; medical house officers. * * * c. Members of the medical staff who are serving on the in-service of a hospital as part-time clinicians shall serve without compensation for any service in the wards of the hospital, except that they may accept medical fees for services rendered by them to patients under the provisions of the workmen’s compensation law, or from patients who carry sickness or accident insurance which covers physicians’ fees, or from persons who recover damages from cases in tort, as provided in the regulations made by the commissioner.”
The statements are signed apparently by the respective doctors. The physicians claim to have treated the infant plain *648 tiff while she was at the hospital. They were not employed to do so by the plaintiff. The number of visits involved is not set forth; what the treatments consisted of are not stated. The statements are all similar in form, with 10 separate printed questions or queries, followed by blank spaces to be filled in. Some of the questions or queries requiring answer have not been filled in. There is nothing to show that the charges made are proper and reasonable. The statements are unverified and unacknowledged. There is no reference to them in the papers submitted.
Relative to subdivision c of section 585 above referred to, there is nothing to show in these documents that the doctors signing the statements are members of the medical staff of the hospital or that they are serving on the in-service of the hospital as part-time clinicians so as to bring their claims within the provisions of the section.
The doctors are not parties to the action. (Cf. Reardon v. Spagna, 284 App. Div. 975.)
No allowance is made for these alleged services.
Order of compromise signed.